**ORIGINAL**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 21 2006
CLERK, U.S. DISTRICT COURT
BY_____
DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff<br><br>v.<br><br>SWANY DARNELL DAVENPORT,<br>#23372-077,<br>    Defendant/Movant. | 3:92-CR-289-H(01)<br>(3:06-CV-0117-H)<br>ECF |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case: This is a motion to vacate, set aside, or correct sentence filed by a federal prisoner pursuant to 28 U.S.C. § 2255.

    Parties: Movant is presently incarcerated at FCI Oakdale in Oakdale, Louisiana. The Court did not issue process in this case, pending preliminary screening. See Rule 4 of the Rules Governing § 2255 Proceedings.

    Statement of the Case: Following his plea of not guilty, Movant was convicted by a jury for the offenses of conspiracy to commit extortion, extortion, conspiracy to distribute cocaine base, and distribution of cocaine base. United States v. Davenport, 3:97cr289-H (N.D. Tex., Dallas Div.). On February 25, 1993, the trial court sentenced him to 360 months imprisonment

to be followed by a five-year term of supervised release. Id. Movant appealed, and the appellate court affirmed his conviction and sentence. United States v. Davenport, 36 F.3d 89 (5th Cir. 1994) (unpublished table decision), cert. denied, 514 U.S. 1112 (1995).

Movant filed a prior motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. See Davenport v. United States, 3:97-cv-0977-H (N.D. Tex. filed Apr. 25, 1997). He raised six grounds. In grounds 1-4 and 6, he alleged counsel rendered ineffective assistance by failing to object to jury instructions on Counts 1-4, by failing to object to the cocaine base being treated as crack cocaine, and by failing to object to prosecutorial misconduct during closing argument. In ground 5, he alleged the trial court erred in enhancing his sentence for use of a firearm during the commission of the offense under U.S.S.G. 2D1.1(b)(1).

On July 10, 2000, the District Court adopted the findings and recommendation of the magistrate judge and denied the § 2255 motion. On August 21, 2000, Movant sought reconsideration in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). On October 30, 2002, following the appointment of counsel and an evidentiary hearing, the District Court adopted the recommendation of the magistrate judge and denied the motion for reconsideration and Petitioner's motion to dismiss the indictment. Petitioner appealed. On July 3, 2003, the Fifth Circuit denied Petitioner's request for a certificate of appealability, and on December 12, 2003, the Supreme Court denied his petition for writ of certiorari. (See Attachment I for relevant portion of the paper docket sheet for 3:92cr289-H(01)).

In the present § 2255 motion, filed on January 17, 2006, Movant challenges his sentence on the basis of the Supreme Court's decisions in United States v. Booker, 543 U.S. 220 (2005). Contemporaneously with the filing of the § 2255 motion, Movant also filed a motion to preserve

2

Booker claims under Dodd v. United States, 545 U.S. 353, 125 S.Ct. 2478, 2482-2483 (2005).[1]

Findings and Conclusions: This motion to vacate sentence is subject to the screening provisions set out in 28 U.S.C. § 2255, ¶ 8, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. See In re Tolliver, 97 F.3d 89, 90 (5th Cir. 1996). That section provides that a second or successive motion filed by a person attacking a sentence under § 2255 "must be certified as provided in [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals" before it can be heard in the district court. See 28 U.S.C. § 2255, ¶ 8; 28 U.S.C. § 2244(b)(3)(A); In re Elwood, 408 F.3d 211, 212 (5th Cir. 2005). In United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000), the Fifth Circuit stated that "'§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until . . . [the Fifth Circuit] has granted the petitioner permission to file one.'" See also Crone v. Cockrell 324 F.3d 833, 836 (5th Cir. 2003).

In general, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." Crone, 324 F.3d at 836-37 (citing In re Cain, 137 F.3d 234, 235 (5th Cir.1998)); see also United States v. Gibbs, 82 Fed. Appx. 879, *880, 2003

---

[1] In Booker, the Supreme Court extended to the Federal Sentencing Guidelines the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), and reaffirmed in Blakely v. Washington, 542 U.S. 296 (2004), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244. See also Padilla v. United States, 416 F.3d 424, 426 n. 1 (5th Cir. 2005). The Booker Court also excised certain statutory provisions that made the Guidelines mandatory, thereby rendering them advisory only. Booker, 543 U.S. at 245.
Movant signed his § 2255 motion and purportedly placed it in the prison mail on January 10, 2006, within one-year of the issuance of the Booker decision.

3

WL 22945656, *1 (5th Cir. 2003) (unpublished per curiam) (applying In re Cain in the context of a second or successive § 2255 motion); Barr v. United States, 2003 WL 1113252, *1 (5th Cir. 2003) (unpublished per curiam) (same).

In this case Movant does not dispute that he previously filed a § 2255 motion and that he cannot meet the requirements for a second or successive motion. (See § 2255 Mot. ¶ 11). In his motion to preserve Booker claims under Dodd, he requests the Court "to preserve his Booker claims until the United States Supreme Court decides the issue of retroactivity of Booker to cases on collateral review." (Mot. to Preserve at 3). Movant acknowledges that presently Booker does not apply retroactively to cases on collateral review. (Id. at 2).

Movant's motion to preserve Booker claims is unpersuasive. Paragraph 6(3) of § 2255 provides that the one-year statutory period for filing a § 2255 motion runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." While paragraph 6(3) is applicable to "'all motions' under § 2255, initial motions as well as second or successive ones," Dodd v. United States, 545 U.S. 353, 125 S.Ct. 2478, 2482-2483 (2005), it does not obviate the leave-to-file requirement for second or successive motions found in § 2255 ¶ 8.[2]

Since Movant filed a previous motion under § 2255, which was denied, this Court lacks

---

[2] The Supreme Court in Dodd recognized that when a right is made retroactively applicable more than one year after the Supreme Court first recognizes the right, a potentially harsh result may occur. 125 S. Ct. at 2483. The Supreme Court, however, is "not free to rewrite the statute that Congress has enacted." Id. It stated: "The disposition required by the text, here, though strict, is not absurd. It is for Congress, not this Court, to amend the statute if it believes that the interplay of ¶¶ 8(2) and 6(3) of § 2255 unduly restricts federal prisoners' ability to file second or successive motions." Id.

4

jurisdiction to consider the present § 2255 motion unless leave to file the same is granted by the Court of Appeals for the Fifth Circuit. See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000); Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999). Therefore, this § 2255 motion should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). See In re Epps, 127 F.3d 364, 364 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals); see also In re Tolliver, 97 F.3d 89, 90 (5th Cir. 1996).[3]

RECOMMENDATION:

For the foregoing reasons it is recommended that Movant's motion to preserve Booker claims (docket #26) be DENIED, and that Movant's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 (docket #23) be DISMISSED without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and

---

[3] To obtain the requested authorization to file a successive § 2255 motion, a Movant must show that the motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; see In re Elwood, 408 F.3d 211, 212 (5th Cir. 2005) (per curiam).
In In re Elwood, The Fifth Circuit recently denied a motion for leave to file a successive § 2255 motion raising Booker claims. 408 F.3d at 212-13. It held that the United States Supreme Court did not make Booker retroactive to cases on collateral review for purposes of a successive motion under § 2255. Id.; see also United States v. Gentry, 432 F.3d 600, 605 (5th Cir. 2005) (Booker does not apply retroactively on collateral review to a first § 2255 motion).

2255.

The clerk will mail a copy of this recommendation to Movant.

Signed this 18th day of August, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.



**ATTACHMENT   I**

| DATE | PROCEEDINGS (continued)<br>(Document No.) | V. EXCLUDABLE DELAY |||| 
|---|---|---|---|---|---|
| | | (a) | (b) | (c) | (d) |
| **1996** | | | | | |
| Jul 31 | NOTICE OF APPEAL from order entered on 7/22/96.<br>Cpy to Judge AUSA PB PT USM   No fee         gs | | | | |
| Aug 2 | TRANSMITTED cert copy of notice and dkt entries to<br>USCA5.                                    gs | | | | |
| Aug 15 | APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS.   gs | | | | |
| Aug 21 | **TO -**   ordered proceedings of Sentencing of 2/23/93<br>Court Reporter Carl Black.          gs | | | | |
| Sep 12 | **ORDER...** the application to proceed IFP is GRANTED.<br>Dist 9/12/96                     JJB/gs | | | | |
| Nov 4 | TRANSMITTED TO USCA5 RECORD ON APPEAL consisting of<br>3 vols of case papers; (transcripts already at USCA5<br>with co-deft).   1 PSI to follow.          gs | | | | |
| **1997** | | | | | |
| JAN 16 | Motion by dft for correction of pre-sentence report     1mn | | | | |
| JAN 22 | Order denying dft mt for correction of pre-sentence report<br>dst'd 1/22/97                                HBS/1mn | | | | |
| Apr 25 | Motion to Vacate under 28 USC Section 2255<br>(15+)                                         rrj | | | | |
| | 2255 Papers referred to Judge Kaplan           rrj | | | | |
| | CIvil case 3:97cv977-H                         rrj | | | | |
| May 12 | ORDER AND INSTRUCTIONS TO PARTIES INA MOTION UNDER 28<br>USC SECTION 2255 (see order for specifics) (signed by<br>Judge Kaplan) (2 pages) copies to AUSA and PET<br>5/12/97 (with a copy of the 2255 motion)      rrj | | | | |
| JULY 8 | GOVT'S MOTION FOR AN EXTENSION OF TIME<br>WITHIN WHICH TO FILE RESPONSE TO DEFENDANT'S<br>2255 PETITION                                dg | | | | |
| JULY 3 | MOTION FOR LEAVE TO SUPPLEMENT AND ADOPT<br>ISSUE VI RAISED BY CO-DEFENDANT RANDY HARRIS<br>IN HIS 28 U.S.C. 2255 MOTION TO VACATE, SET<br>ASIDE, OR CORRECT SENTENCE by dft pro se    dg | | | | |
| JULY 8 | **ORDER...**Movant may amend his pleadings once<br>...No further amendments will be allowed<br>without leave of court.                    JK/dg<br>dist/dktd 7/8/97 | | | | |

**SEE NEXT PAGE**

| DATE 1997 | PROCEEDINGS (continued) (Document No.) | V. EXCLUDABL (a) (b) |
|---|---|---|
| JULY 8 | **ORDERED** that the govt's response to the petitioner's 2255 motion shall be due on **August 25, 1997.** This response shall also address the supplemental claim raised by movant in the amended pleading...   JK/dg dist/dktd 7/8/97 | |
| *JULY 3 | Movant's AMENDED PLEADING re supplemental claim   dg | |
| JUL 17 | OPINION OF USCA5...Motion to consolidate appeal is granted. See order for specifics  cpy to judge   svc | |
| | **JUDGMENT OF USCA affirming judgment of the DC**  svc cpy to judge, pb, usm | |
| | ROA returned from USCA consisting of 3 vols of case papers; 12 transcripts and PSI(shredded)   svc | |
| Aug 25 | Gov't response in opposition to Petitioners Motion For Relief pursuant to 28 USC 2255   lh | |
| SEPT 22 | MOVANT'S RESPONSE TO GOVERNMENT'S ANSWER OF MOVANT'S TITLE 28, U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE   dg | |
| **1998** | | |
| MAR 27 | *SPECIAL ORDER NO.3-159...that this 2255 petition is referred to Magistrate Judge Paul D. Stickney. (1)   (3:97-CV-0977-H)*   JB/gj | |
| Nov 9 | Defendant's motion to file addendum to petitioner's section 2255 motion subjudice   (14)   jas | |
| Nov 12 | Dft's Issue #1 of Addendum (1)   jas | |
| NOV 23 | FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE USMJ dkt/dist 11-24-98   PS:svc | |
| | Cpy file placed in suspence.   svc | |
| Dec 7 | Copy file sent to Judge's chambers.   jas | |
| Dec 7 | Certificate of Service filed by dft re: Objections to Findings (2)   jas | |
| Dec 9 | Dft's objections to Magistrate's findings and recommendation (9)   jas | |
| | --continued-- | |

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET — DAVENPORT, SWANY D — Page 14
AO 256A — 3:92-CR-289-H (01)

| DATE | PROCEEDINGS (continued) (Document No.) | V. EXCLUDABLE DELAY (a) | (b) | (c) | (d) |
|---|---|---|---|---|---|
| Dec 10 | MEMORANDUM OPINION AND ORDER...the Findings of the US Magistrate Judge are adopted and petitioner's objections are overruled; Petitioner's Motion for Leave to Amend his 2255 motion is denied; Signed by Judge Sadners; distributed 12/11/98 (2)   jas | | | | |
| 2000 | | | | | |
| April 20 | FINDINGS & RECOMMENDATIONS of Magistrate Judge... Respondent's Motion to Dismiss 2255 motion as barred by statute of limitations should be denied; movant's motion under 2255 should be denied (26)   sak | | | | |
| April 20 | INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL (1) sak | | | | |
| May 18 | Motion by defendant to extend time to file objections to findings (1)   nmc | | | | |
| June 6 | Movant's objections to the US Magistrate Judge Findings and Recommendation   (14)   nmc | | | | |
| July 10 | Memorandum Opinion and Order ..The Court is of the opinion that the Findings and Conclusions of the Mag Judge are correct and they are adopted and the Petitiner's objections are overruled; Signed by Judge Sanders; distributed 7/11/00 (1)   nmc | | | | |
| 7/10/00 | Judgment..It is ordered that all relief requested be denied signed by Judge Sanders; distributed 7/11/00 (1)   nmc | | | | |
| August 21 | MOTION for Reconsideration and to adopt any and all issues raised by co-defendant (3)   nmc | | | | |
| August 22 | ORDER of Reference.. It is ordered that petitioner's motion for reconsideration is referred to Magistrate Judge Stickney   signed: Judge Sanders distributed:8/22/00 (1)   nmc | | | | |
| September 1 | **ORDER appointing counsel and setting hearing... The court appoints the Federal Public Defender to represent petitioner  Hearing is set for 10/25/00 9:00am signed by Judge Stickney  distributed: 9/6/00 (1)**   nmc | | | | |
| September 12 | Motion in suuport of 2255 in light of Apprendi v. New Jersey...by defendant   (4)   nmc | | | | |
| October 2 | **ORDER granting government's motion for extension of time to file response to petitioner's motion seeking reconsideration Response due 10/23/00   signed: Judge Stickney (1)**   nmc | | | | |
| Sept 28 | Government's motion for extension of time in which to file response to 2255 motion (3)   jas | | | | |

| DATE | PROCEEDINGS (continued) (Document No.) | V. EXCLUDAB (a) (b) |
|---|---|---|
| **2000** | | |
| Oct 23 | Petitioner's Brief Regarding Impact of Apprendi v. New Jersey, 120 S. Ct. 2348 (2000) on This Case   alh | |
| Oct 23 | Govt's Response in Opposition to Petitioner's Motion Seeking Reconsideration of Denial of His 28 USC Sect 2255 Motion   alh | |
| Oct 25 | M.O...Evidentiary hearing held before USMJ Stickney. Reporter: Gladys Janssen.   alh | |
| Nov 20 | Transcript of Motion to Remand Hearing held before US Magistrate Judge Stickney 10/25/00; CR: Janet Wright   (15+) (USC)   jas | |
| **2002** | | |
| Apr 29 | Entry of Appearance of Counsel for Carlton McLarty, Asst Federal Public Defender, as appointed counsel for dft Swany D Davenport - replacing Karl Rupp (1)   jyb | |
| June 4 | Motion to Adopt Codefendant Randy Harris' Reply to Government's Motion in Opposition to his Rule 12(b)(2) Motin Seeking Dismissal of his Indictment for Failure to Charge Essential Elements in Counts Two and Four of the Indictment filed by dft Davenport. (2)   jyg | |
| Jul 30 | CONCLUSIONS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE...recommend that all post-conviction motions, all-post conviction relief should be denied (Stickney) dkt'd 7/31/02   Dist 7/31/02   cxb | |
| Aug 1 | Petitioner's Unopposed Motion For Extension of Time to File Objections And Memorandum of Law   cxb | |
| Aug 5 | AMENDED Petitioner's Unopposed Motion for Extension of Time to File Objections and memorandum of Law by Petitioner Davenport (3)   tem | |
| Aug 5 | ORDER GRANTING EXTENSION OF TIME FOR FILING OBJECTIONS...It Is Ordered that the due date for filing any objections to the Findings and Recommendations of the US Magistrate Judge is extended to September 10, 2002.   (1)   Dist 8/7/02   BS/tem | |
| Sept 10 | Petitioner's Objections to the Findings, Conclusions and Recommendation of the United States Magistrate Judge (6) | |

| | | UNITED STATES DISTRICT COURT | | | | |
|---|---|---|---|---|---|---|
| CRIMINAL DOCKET | | | | PAGE 16 | | |
| AO 256A | | USA v. DAVENPORT | | | | 3:92cr289- |
| DATE | PROCEEDINGS (continued) (Document No.) | | V. EXCLUDABLE DELAY | | | |
| | | (a) | (b) | (c) | (d) | |
| 10/30/02 | ORDER adopting Findings (1)   signed by Judge Sanders dist: 10/31/02                                              nmj | | | | | |
| 10/30/02 | JUDGMENT petitioner's motion for reconsideration and petitioner's motion to dismiss the indictment is denied (1) signed by Judge Sanders dist:10/31/02         nmj | | | | | |
| NOV 27 | NOTICE OF APPEAL from the judgment entered on 10-10-02 in this matter.    No fee pd/TO Mailed                svc | | | | | |
| DEC 2 | TRANSMITTED NOA TO USCA5                                 svc | | | | | |
| DEC 2 | AMENDED NOTICE OF APPEAL from the judgment entered on 10-30-02 in this matter.      No fee pd/TO OC        svc | | | | | |
| DEC 3 | Transmitted NOA to USCA5 | | | | | |
| DEC 5 | SECOND AMENDED NOTICE OF APPEAL from the judgment entered on 10-30-02.      No fee pd/TO OC                svc | | | | | |
| | NOA transmitted to USCA5                                 svc | | | | | |
| DEC 19 | **ORDER,,,**CERTIFICATE OF APPEALABILITY IS DENIED AND PARTY APPEALING IS A PAUPER.   DKT/DIST 12-20-02       BS:svc | | | | | |
| **2003** JAN 29 | TRANSCRIPT ORDER FORM for 10-25-00 hearing          svc | | | | | |
| FEB 12 | TRANMITTED ROA to USCA5 consisting of 2 vols of case papers; 1 transcript and PSR                        svc | | | | | |
| JULY 9 | ROA returned consisting of 5 vols of case papers; 1 transcript and PSR (psr destroyed)                  svc | | | | | |
| July 10 | USCA5 ORDER...NOA/Request for COA is Denied.         svc | | | | | |